IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISCTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VOGUE TOWER PARTNERS VII, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO.   3:21-cv-00087 |
| v. ) | ELI J. RICHARDSON/ |
| ) | MAGISTRATE JUDGE |
| THE TOWN OF THOMPSON'S ) | FRENSLEY |
| STATION, TENNESSEE, THE TOWN ) | |
| OF THOMPSON'S STATION BOARD ) | |
| OF ZONING APPEALS, and the TOWN ) | |
| OF THOMPSON'S STATION ) | |
| MUNICIPAL PLANNING ) | |
| COMMISSION, ) | |
| ) | |
| Defendants. ) | |

## ANSWER

The defendants, Town of Thompson's Station, Tennessee, the Town of Thompson's Station Board of Zoning Appeals, and the Town of Thompson's Station Municipal Planning Commission, by and through counsel, responds to the Complaint filed against them as follows:

### PARTIES

1.   These defendants are without knowledge or information sufficient to admit or deny the allegations contained within the paragraph 1.

2. The allegations contained within paragraph 2 are admitted.

3. The allegations contained within paragraph 3 are denied.

4. The allegations contained within paragraph 4 are denied.

## JURISDICTION AND VENUE

5. Paragraph 5 contains legal conclusions, thus no response is required from these defendants.

6. Paragraph 6 contains legal conclusions, thus no response is required from these defendants.

7. Paragraph 7 contains legal conclusions, thus no response is required from these defendants.

8. Paragraph 8 contains legal conclusions, thus no response is required from these defendants.

## FACTS

**Federal Control and Supremacy Over Wireless Telecommunication Facility Sitting**

9. Paragraph 9 contains legal statements, thus no response is required from these defendants.

10. Paragraph 10 contains legal statements, thus no response is required from these defendants.

### The Wireless Communications Industry

11. These defendants are without knowledge or information sufficient to admit or deny the allegations contained within paragraph 11.

12. Paragraph 12 contains legal statements, thus no response is required from these defendants.

13. These defendants are without knowledge or information sufficient to admit or deny the allegations contained within paragraph 13.

14. These defendants are without knowledge or information sufficient to admit or deny the allegations contained within paragraph 14.

15. These defendants are without knowledge or information sufficient to admit or deny the allegations contained within paragraph 15.

### The Proposed Facility, Vogue's Application, And the Town's Misinterpretation of Its Ordinance

16. These defendants are without knowledge or information sufficient to admit or deny the allegations contained within paragraph 16.

17. These defendants are without knowledge or information sufficient to admit or deny the allegations contained within paragraph 17.

18. These defendants are without knowledge or information sufficient to admit or deny the allegations contained within paragraph 18.

19. These defendants admit that the property located at 4156 Columbia Pike is zoned "Community Commercial." These defendants are without knowledge or information sufficient to admit or deny the remaining allegations contained within paragraph 19.

20. These defendants are without knowledge or information sufficient to admit or deny the allegations contained within paragraph 20.

21. A. These defendants are without knowledge or information sufficient to admit or deny the allegations contained within paragraph 21 (A).

    B. The allegations contained within the first sentence of paragraph 21 (B) are admitted. The allegations contained within the second sentence of paragraph 21(B) are denied as stated. These defendants aver Mayor Napier provided Vogue a copy of properties owned by the Town that Vogue could use to assess what areas may work for a wireless communications facility. The allegations contained in the third sentence of paragraph 21(B) are

admitted.  The remaining allegations contained within paragraph 21(B) are denied as stated.

    C.    These defendants are without knowledge or information sufficient to admit or deny the allegations contained within paragraph 21 (C).

    D.    These defendants are without knowledge or information sufficient to admit or deny the allegations contained within paragraph 21 (D).

    E.    These defendants are without knowledge or information sufficient to admit or deny the allegations contained within paragraph 21 (E).

22.    These defendants are without knowledge or information sufficient to admit or deny the allegations contained within paragraph 22.

23.    These defendants are without knowledge or information sufficient to admit or deny the allegations contained within paragraph 23.

24.    These defendants are without knowledge or information sufficient to admit or deny the allegations contained within the first sentence of paragraph 24.  These defendants admit the Land Development Ordinance ("LDO") can be found at the website linked in footnote 1 of the Complaint.  The LDO speaks for itself, thus no response is required from these defendants for the second sentence of paragraph 24.  The allegations contained within the third sentence of paragraph 24 are admitted.  Table 4.4 of the LDO speaks for itself, thus no response is required from these defendants for the fourth sentence of paragraph 24.

25.    The allegations contained within paragraph 25 are admitted.

26.    The allegations contained within paragraph 26 are admitted, except it is denied that Wood used the word "alleged."

27. These defendants admit that Wood referenced Section 4.11.7(b) of the LDO. The LDO speaks for itself, thus the remaining allegations contained within paragraph 27 require no response from these defendants.

28. The allegations contained within paragraph 28 are admitted.

29. The allegations contained within the first sentence of paragraph 29 are denied as stated. The remaining allegations contained within paragraph 29 are admitted.

30. The allegations contained within paragraph 30 are admitted.

31. The allegations contained within the first sentence of paragraph 31 are denied as stated. These defendants admit that the quoted portion of paragraph 31 is from the October 12 email.

32. The allegations contained within the first sentence of paragraph 32 are denied as stated. The allegations contained within the second sentence of paragraph 32 are admitted.

33. The allegations contained within paragraph 33 are denied as stated.

34. The allegations contained within the first sentence of paragraph 34 are admitted. These defendants admit that the quoted language is included in the Staff Report. The Staff Report speaks for itself, thus no response is required from these defendants for the remaining allegations contained within paragraph 34.

35. The allegations contained within paragraph 35 are admitted.

36. The allegations contained within paragraph 36 are denied as stated. The written opinion speaks for itself.

37. As for the allegations contained within paragraph 37, these defendants admit that Vogue submitted a written appeal to the BZA on December 8 and that a hearing

was set on January 6, 2021. The written appeal speaks for itself and all allegations to the contrary contained within paragraph 37 are denied.

38. The allegations contained within the first sentence of paragraph 38 are admitted. The remaining allegations contained within paragraph 38 refer to statements made at the January 6, 2021 BZA hearing. The record speaks for itself, thus no response is required from these defendants. To the extent the allegations contained within paragraph 38 seek to alter or amend the record, those allegations are denied.

39. The allegations contained within paragraph 39 refer to statements made at the January 6, 2021 BZA meeting. The record speaks for itself, thus no response is required from these defendants. To the extent the allegations contained within paragraph 39 seek to alter or amend the record, those allegations are denied.

40. The allegations contained within paragraph 40 are denied.

41. The allegations contained within the first two sentences of paragraph 41 refer to statements made at the January 6, 2021 BZA meeting. The record speaks for itself, thus no response is required from these defendants. To the extent the allegations contained within the first two sentences of paragraph 41 seek to alter or amend the record, those allegations are denied. The allegations contained within the third sentence of paragraph 41 are denied.

42. The allegations contained within of paragraph 42 are denied as written.

43. The allegations contained within the first sentence of paragraph 43 are admitted. These defendants aver that Vogue's propagation study, including the results of the search ring, was not presented to the BZA for consideration. These defendants are without knowledge or information sufficient to admit or deny the remaining allegations contained within paragraph 43.

### Count 1 – Failure To Provide Reasons For Denial In Writing
### 47 U.S.C. § 332(c)(7)(B)(iii)

44. The averments, admissions, and denials contained within paragraphs 1-43 are incorporated herein.

45. Paragraph 45 contains legal statements, thus no response is required from these defendants.

46. Paragraph 46 contains legal statements, thus no response is required from these defendants.

47. These defendants admit Vogue's application was denied, however, it is denied that these defendants misinterpreted the LDO.

48. The allegations contained within paragraph 48 are denied.

49. The allegations contained within paragraph 49 are denied.

### Count 2 – Failure To Support Denial With Substantial Evidence
### 47 U.S.C. § 332(c)(7)(B)(iii)

50. The averments, admissions, and denials contained within paragraphs 1-49 are incorporated herein.

51. Paragraph 51 contains legal statements, thus no response is required from these defendants.

52. The allegations contained within paragraph 52 are denied.

53. The allegations contained within paragraph 53 are denied.

### Count 3 – Prohibition of the Provision of Personal Wireless Services
### 47 U.S.C. § 332(c)(7)(B)(i)

54. The averments, admissions, and denials contained within paragraphs 1-53 are incorporated herein.

55. Paragraph 55 contains legal statements, thus no response is required from these defendants.

56. These defendants are without knowledge or information sufficient to admit or deny the allegations contained within paragraph 56.

57. These defendants are without knowledge or information sufficient to admit or deny the allegations contained within paragraph 57.

58. The allegations contained within paragraph 58 are denied.

59. The allegations contained within paragraph 59 are denied.

60. The allegations contained within paragraph 60 are denied.

## Count 4 – Declaratory Judgement
## 28 U.S.C. § 2201(a)

61. The averments, admissions, and denials contained within paragraphs 1-60 are incorporated herein.

62. Paragraph 62 contains legal statements, thus no response is required from these defendants.

63. Paragraph 63 contains legal conclusions, thus no response is required from these defendants.

64. The allegations contained within paragraph 64 are denied.

65. The allegations contained within paragraph 65 are denied.

66. These defendants deny that Vogue is entitled to the relief requested in paragraph 66.

## Count 5 – Exclusion Of Location
## Tenn. Code Ann. § 13-24-301 *et seq.*

67. The averments, admissions, and denials contained within paragraphs 1-66 are incorporated herein.

68. Paragraph 68 contains legal statements, thus no response is required from these defendants.

69. The allegations contained within paragraph 69 are denied.

70. The allegations contained within paragraph 70 are denied.

71. The allegations contained within paragraph 71 are denied.

## Count 6 – Arbitrary, Capricious, and Illegal Action

72. The averments, admissions, and denials contained within paragraphs 1-71 are incorporated herein.

73. The LDO speaks for itself, thus no response is required from these defendants for the allegations contained within paragraph 73.

74. The allegations contained within paragraph 74, including subparts (A) through (D), are denied.

75. The allegations contained within paragraph 75 are denied.

## Count 7 – Injunctive Relief

76. The averments, admissions, and denials contained within paragraphs 1-74 are incorporated herein.

77. The allegations contained within paragraph 77 are denied.

78. The allegations contained within paragraph 78 are denied.

79. These defendants deny that Vogue is entitled to the relief requested in paragraph 79, including subparts (A) through (C).

80. These defendants deny Vogue is entitled to the relief requested in the prayer for relief.

81. Any statements, allegations, or claims not expressly admitted or denied are hereby denied.

# AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted against these defendants. Plaintiff is not entitled to relief in this action.

2. No action taken by these defendants was in violation of State or Federal law. The decision of the Board of Zoning Appeals was supported by substantial evidence and was not made arbitrarily, capriciously, or illegally. The decision of the Board of Zoning Appeals is in writing and contained in a written record.

3. The Complaint for Declaratory Judgment is not properly before this Court. A Declaratory Judgment Action is not the proper legal action to challenge the actions of the Board of Zoning Appeals.

4. Plaintiff is not entitled to an award of attorney fees pursuant to Tenn. Code Ann. § 29-37-101, et seq. or any other law. Upon information and belief, plaintiff is not a qualified claimant or entitled to relief under the Tennessee Equal Access to Justice Act.

5. These defendants aver the Municipal Planning Commission is not a proper party to this action and should be dismissed.

6. These defendants aver the Court should not exercise supplemental jurisdiction over Plaintiff's state law claims.

7. Plaintiff's claims are barred to the extent they were filed outside the applicable statute of limitations.

8. These defendants were not aware of the results of the propagation study or of any alleged significant gap in wireless coverage; thus, no action taken by these defendants was in violation of 47 U.S.C. § 332(c)(7)(B)(i).

9. These defendants reserve the right to amend this Answer and to plead further based upon ongoing discovery, investigation, and the revelation of new information not now known to them or their counsel.

WHEREFORE, having fully answered the allegations of the Complaint and having set forth the affirmative defenses upon which these defendants relies, these defendants respectfully request that this action be dismissed and that costs be taxed to the plaintiff.

Respectfully submitted,

*/s/ Laura Adams Hight*
William N. Bates, BPR # 003578
Laura Adams Hight, BPR # 031942
FARRAR & BATES, L.L.P.
12 Cadillac Dr., Ste. 480
Brentwood, TN 37027
(615) 254-3060
bill.bates@farrar-bates.com
laura.hight@farrar-bates.com
*Counsel for Defendants*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 11th day of March, 2021, a true and correct copy of the foregoing has been forwarded via the court's electronic filing system to the following:

Harold L. North, Jr., BPR # 007022
Bradley M. Davis, BPR # 023988
CHAMBLISS, BAHNER & STOPHEL, P.C.
Liberty Tower, Ste. 1700
605 Chestnut St.
Chattanooga, TN 37450
(423) 756-3000
hnorth@chamblisslaw.com
bdavis@chamblisslaw.com
*Counsel for Plaintiff*


Andrew Mills, BPR # 031236
Kirk Vandivort, BPR # 018942
REYNOLDS, POTTER,
REGAN & VANDIVORT, PLC
210 East College St.
Dickson, TN 37055
(615) 446-2221
amills@rprvlaw.com
kvandivort@rprvlaw.com
*Counsel for Town of Thompson's Station, TN*


                                                         */s/ Laura Adams Hight*
                                                        Laura Adams Hight